**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KAREN M. FUSILIER,

*Plaintiff*,

v.

CITY OF WICHITA POLICE DEPARTMENT, et al.,

*Defendants*.

Case No. 25-1292-AJP-GEB

**ORDER**

Pro se Plaintiff Karen M. Fusilier filed a Complaint against numerous Defendants on December 22, 2025. Plaintiff has now filed a Motion for Default Judgment (Doc. 11). The Court denies her request.

Procedurally, a default judgment under Federal Rule of Civil Procedure 55 requires two steps. Fed. R. Civ. P. 55(a)–(b); *see also Flohrs v. Eli Lilly & Co.*, 2012 WL 5266116, at *1 (D. Kan. 2012) (citing Fed. R. Civ. P. 55)). First, the clerk of the court must enter the party's default under Fed. R. Civ. P. 55(a). *See also Woods v. Ross*, 2021 WL 3077236, at *7 (D. Kan. 2021) (citing 10A Wright & Miller, Federal Practice and Procedure § 2682 (4th ed. 2021)). The second step requires applying for default judgment under Fed. R. Civ. P. 55(b). Here, the first requirement is not met

as an entry of default under Fed. R. Civ. P. 55(a) has not been entered. Thus, she does not meet the first procedural requirement for default judgment.

Furthermore, substantively, "[a] party has no duty to plead until properly served . . . and plaintiff must show sufficient service of process as a prerequisite to entry of default." *Kelly v. Wilson*, 2009 WL 3122519, at *1 (D. Kan. 2009) (citation omitted). In this case, there is no indication that any of the many Defendants have been served. Thus, Defendants have not failed to plead or otherwise defend.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 17th day of August, 2026.

s/Anthony J. Powell
ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE