**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KAREN M. FUSILIER,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF WICHITA POLICE DEPARTMENT, et al.,<br><br>*Defendants*. | Case No. 25-1292-AJP-GEB |

**MEMORANDUM AND ORDER**

Pro se Plaintiff Karen M. Fusilier filed a Complaint against numerous Defendants on December 22, 2025. On August 19, 2026, Magistrate Judge Gwynne E. Birzer issued a Notice and Report and Recommendation of Dismissal ("R&R") (Doc. 16). In this R&R, she recommends dismissal of this lawsuit under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Judge Birzer noted in her R&R that Plaintiff may file written objections to the R&R, within 14 days after service.

Plaintiff did not file any document entitled "Objections" and did not specifically respond to Judge Birzer's R&R. She did, however, file numerous other documents. Three of the filings were within the 14-day timeframe set forth in Judge Birzer's R&R for objections, including Supplement to Complaint (Doc. 17); Exhibits

in Support of Complaint (Doc. 18); and "Motion for Permission to Email: Evidence of Police Harassment in the Form of Videos and Photos" (Doc. 19). The remaining documents were filed outside of the timeframe, including Supplement to Complaint (Doc. 20); "Motion to Withdraw Defendant" (Doc. 23); Supplement to Complaint (Doc. 24); Notice of Witness List (Doc. 25); and Exhibits in Support of Complaint (Docs. 26, 27, and 28). In total, Plaintiff's supplements and exhibits exceed 500 pages.[1] These filings, however, are largely incomprehensible as Plaintiff includes numerous police reports, photos, copies of text messages, and emails to herself,[2] interspersed with random pages from form complaints.

Upon objection to a magistrate judge's order on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* When a party objects to a magistrate judge's report and recommendation, the objections "must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147

[1] Plaintiff also filed a Motion for Evidentiary Sanctions (Doc. 21) which Judge Birzer denied (Doc. 22).

[2] It is unclear whether Plaintiff is attempting to assert facts or a claim in these emails as the substance of the emails are also largely unintelligible.

(1985)). If objections are not timely or properly made, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

The Court is aware of Plaintiff's pro se status and liberally construes her pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, will not assume the role as her advocate. *Id.* In addition, a pro se plaintiff is not relieved "of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

None of the documents filed by Plaintiff are sufficiently specific to constitute a proper objection. As noted above, Plaintiff's filings are largely unintelligible and do not address Judge Birzer's R&R. Furthermore, although unnecessary under the circumstances, the Court has conducted a de novo review of Judge Birzer's R&R. The Court agrees with Judge Birzer's conclusion that Plaintiff fails to state a claim. Thus, to the extent Plaintiff's filings could be construed as objections to Judge Birzer's R&R, they are overruled.

**IT IS THEREFORE ORDERED** that this case is dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted, pursuant to the Report & Recommendation (Doc.16), which the Court adopts as its own.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permission to Email: Evidence of Police Harassment in the Form of Videos and Photos" (Doc. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw Defendant (Doc. 23) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 30th day of September 2026.

ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE